IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

BILLY FRANK GROSS
ADC #80964                                                                                                    PLAINTIFF

V.                                    NO: 5:06CV00059 JMM/HDY

RICK L. TONEY *et al.*                                                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge  (if such a  hearing is granted)  was not  offered at  the
        hearing before the Magistrate Judge.

1

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## DISPOSITION

An evidentiary hearing was held in this case on April 26, 2007. Following the presentation of testimony and exhibits by the parties and witnesses, the preponderance of the evidence causes the Court to enter the following findings and recommendations.

### I. Facts

Plaintiff has been incarcerated at the Arkansas Department of Correction for approximately 19 years. The events at issue in this case occurred on September 1, 2005, while Plaintiff was held at the Jefferson County Jail/Correctional Facility ("JCJCF"). Plaintiff appeared in person and testified, as did Defendants Sergeant Robert Edwards,[1] and CO-II Lee Skinner, of the JCJCF. Also testifying were Captain John Herrington of the JCJCF, and JCJCF inmates D.J. Vines and Elton Johnson.

On September 1, 2005, Skinner was conducting a "shakedown" of inmates at the JCJCF. On

---

[1] Edwards' name is listed on the docket sheet as Edward.

2

that day, Plaintiff conducted a shakedown of Plaintiff, along with three other inmates. During the search, Skinner found a blue bag that was confiscated as contraband, and later destroyed. Plaintiff, who is white, contends that Skinner, who is black, shakes down white inmates more frequently than black inmates, and that she took his bag after saying she was going to show the old white men who was running things.

## II. Analysis

Plaintiff is essentially alleging an equal protection violation. To succeed, Plaintiff must demonstrate that any difference in treatment was motivated by his membership in a protected class or that it burdened a fundamental right. *See Weiler v. Purkett*, 137 F.3d 1047, 1051-52 (8th Cir.1998) (en banc) (elements of equal protection claim). The evidence produced at the hearing indicates that Skinner searches inmates of all races, and does not focus unwarranted attention upon, or harass, white inmates. The evidence further indicates that the bag Skinner confiscated was an unauthorized "freeworld" bank bag. No credible evidence was introduced to suggest that the prohibition on such items was applied differently to black inmates than to white inmates. Thus, Plaintiff has failed to show that his race motivated Skinner to search him or confiscate his bag.

Although Plaintiff asserts that Skinner performs searches on white inmates more frequently than black inmates, Defendants' exhibit #2 is a unit report which describes the searches performed by the unit's officers on September 1, 2005. That report, along with credible testimony offered by Skinner, indicates that Skinner conducted searches of two white inmates, and two black inmates that day. The report indicates that contraband was confiscated from all the inmates Skinner searched.

Skinner testified that her policy is to search one black inmate and one white inmate when she conducts searches, in order to avoid the appearance of discrimination. Skinner's testimony was supported by the testimony offered by inmate Vines, who is white, and said that he did not believe

3

Skinner searched inmates in a discriminatory manner. Inmate Johnson, who is white, testified vaguely that Skinner seemed to issue more disciplinary citations to white inmates than black inmates, and that her order prohibiting inmates from pushing other inmates in their wheelchairs had a disparate impact on white inmates. However, Johnson had no firsthand knowledge of the shakedown at issue in this case, and also admitted that Skinner searches both black and white inmates.

Plaintiff argued that he had been allowed to keep his bag in the past, and that Skinner's confiscation of the bag was evidence of her discriminatory attitude. Plaintiff stressed that he did not receive a disciplinary citation for having the bag, which he claimed was evidence that the bag was not contraband, and that Skinner was trying to cover up her actions. However, Skinner confiscated contraband from all four inmates she searched on the day in question, and none was issued a disciplinary citation.

In a further effort to demonstrate that the bag was not contraband, Plaintiff introduced his exhibit #5, which purported to show the blue bag listed on a copy of a property record from 2003. However, Defendants introduced as their exhibit #9 the original property record, which did not show the blue bag listed. Even if Plaintiff's copy of the document is accurate, the fact that Skinner confiscated the bag does not mean that Plaintiff's constitutional rights were violated, although it might be the basis for a claim for the value of the bag with the Arkansas Claims Commission. Moreover, Skinner did not destroy the bag. According to Skinner's testimony, and a confiscated property form introduced as Defendants' exhibit #4, the property was taken to the lieutenant's office evidence box. That form indicates that Plaintiff refused to provide an address to which the bag could be mailed, and it was apparently destroyed thereafter.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action be considered frivolous and not in good faith.

DATED this   27   day of April, 2007.

_____
UNITED STATES MAGISTRATE JUDGE